UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| PAMELA JOHNSON, | ) | 3:11-cv-00787-HDM-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| JOHN HARRAH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (#6). Plaintiff has opposed (#11), and defendants have replied (#17). Also before the court is the defendants' request for judicial notice (#7). Plaintiff has opposed (#11), and defendants have replied (#18).

**I. Request for Judicial Notice**

In ruling on a Rule 12(b)(6) motion to dismiss, a court may consider documents incorporated by reference without converting the motion into a motion for summary judgment. *United States v.*

1

*Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Incorporation by reference allows the court to consider documents not attached to the complaint if the authenticity of the documents is not questioned and either (1) the plaintiff's claim depends on the contents of the document, or (2) the contents of the document are alleged in the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Defendants ask the court to take judicial notice of a document entitled "Liberty Mutual Insurance/Termination Form."[1] The form indicates that plaintiff voluntarily resigned her employment with "Rancharrah/Middlefork Limited Partnership." Defendants argue that by alleging in her complaint that she was terminated, plaintiff alleged the contents of this form, and the form is thereby incorporated by reference. Defendants further argue that the allegation in the complaint that plaintiff was terminated is a direct reference to the contents of all documents plaintiff signed in relation to her alleged termination. Defendants' arguments are without merit. Plaintiff's complaint neither alleges the contents of the insurance form nor do her claims depend on it. Rather, the form merely relates to plaintiff's claim that she was terminated. It is therefore not incorporated by reference, and defendants' request for judicial notice (#7) is **DENIED**.

**II. Motion to Dismiss or for a More Definite Statement**

In considering a motion to dismiss under Rule 12(b)(6), the

---

[1] Although the second page of defendants' motion references a "Nevada Equal Rights Commission Charge of Discrimination" and a "U.S. Equal Employment Opportunity Commission Charge of Discrimination," no such documents are attached to the motion, and defendants make no mention of them in their reply. Therefore, the court concludes that reference to such documents was in error.

2

court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

"Under the notice pleading standard of the Federal Rules, plaintiffs are only required to give a 'short and plain statement' of their claims in the complaint." *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (quoting *Diaz v. Int'l Longshore & Warehouse Union, Local 13,* 474 F.3d 1202, 1205 (9th Cir. 2007)). While this rule "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading is insufficient if it offers only labels and conclusions, a formulaic recitation of the elements of a cause of action, or "naked assertions devoid of further factual enhancement." *Id.* (internal punctuation omitted). Thus, a complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* The plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Where a complaint "is so vague or ambiguous that [a] party cannot reasonably prepare a response," the court may order the plaintiff to file a more definite statement. Fed. R. Civ. P. 12(e); *see also Bautista v. Los Angeles County*, 216 F.3d 837, 843 n.1 (9th Cir. 2000).

3

1    Defendants move to dismiss plaintiff's first claim for relief,
2 wrongful discharge. Defendants first argue that the type of
3 wrongful discharge claim alleged is unclear. However, the
4 complaint clearly asserts that plaintiff's termination violated
5 public policy. (Pl. Compl. ¶¶ XIV, XV; *see also* Pl. Opp'n 2).
6 Further, it does not assert that plaintiff had an employment
7 contract. Accordingly, while the complaint does not assert a claim
8 for bad faith discharge or breach of the contract of continued
9 employment, it does assert a claim for tortious discharge in
10 violation of public policy.
11    However, even if the legal theory of plaintiff's claim is
12 sufficiently stated, the underlying factual basis is not.
13    The complaint alleges that plaintiff learned defendant
14 Middlefork Limited Partnership was refusing to allow a lawful
15 worker's compensation claim to be filed, that she insisted
16 defendants follow the law and allow the claim to be filed, and that
17 she was terminated for insisting defendants follow the law. While
18 plaintiff's opposition explains that she was terminated for
19 "refusing to prohibit an employee from filing a worker's
20 compensation claim," (Pl. Opp'n 2), this allegation is not at all
21 clear from the complaint. The word "insist" is ambiguous and does
22 not imply that plaintiff was refusing to engage in activity that
23 was unlawful or in violation of public policy or was engaging in
24 conduct that public policy favors. *See Bigelow v. Bullard*, 901
25 P.2d 630, 632 (Nev. 1995) (To prevail on a tortious discharge claim
26 "the employee must be able to establish that the dismissal was
27 based upon the employee's refusing to engage in conduct that was
28 violative of public policy or upon the employee's engaging in

4

conduct which public policy favors.").

The complaint also alleges, though not directly in the first claim for relief, that plaintiff was terminated for demanding that defendant John Harrah cease his sexual harassment of other women. (Pl. Compl. ¶¶ IX-XI). In her opposition, plaintiff asserts that this also states a claim for wrongful discharge in violation of public policy. (Pl. Opp'n 4). However, neither plaintiff's complaint nor her opposition contains any facts sufficient to state a claim of this nature.

Accordingly, the defendants' motion for a more definite statement is **GRANTED**. On or before January 27, 2012, the plaintiff shall file an amended complaint that clearly identifies the conduct she engaged in, or refused to engage in, which forms the basis for her wrongful discharge claim. Failure to do so will result in the court's dismissal of the claim. Fed. R. Civ. P. 12(e). In light of this order, the defendants' motion to dismiss plaintiff's first claim for relief is **DENIED WITHOUT PREJUDICE**.

Defendants' motions as to the remainder of plaintiff's complaint are also denied. Plaintiff sufficiently states a claim for intentional infliction of emotional distress and ratification. Even though punitive damages are a type of relief and not an independent cause of action, defendants have cited no law forbidding plaintiff from pleading her request for punitive damages in a separate count.

In accordance with the foregoing, defendants' request for judicial notice is **DENIED**. Defendants' motion for a more definite statement is **GRANTED IN PART** and **DENIED IN PART**. It is granted as to plaintiff's first claim for relief for wrongful discharge, and

1  it is denied in all other respects.  And defendants' motion to
2  dismiss is **DENIED WITHOUT PREJUDICE.**
3      IT IS SO ORDERED.
4      DATED: This 9th day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE